## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CR-20026-GAYLES/DAMIAN

UNITED STATES OF AMERICA

v.

ROBINSON OJINS OCCIDE,

    Defendant.

_____/

## **DETENTION ORDER**

THIS CAUSE came before the Court on a pretrial detention hearing held on April 25, 2023, pursuant to Federal Rule of Civil Procedure 32.1, to determine whether Defendant, Robinson Ojins Occide ("Mr. Occide" or "Defendant"), should be detained pending the final revocation hearing based upon danger to the community and risk of flight.

THE COURT has considered the factors enumerated in 18 U.S.C. § 3142(g), heard from the parties, their counsel, and the Government's witness, United States Probation Officer ("USPO") Charee Goldberg, at the April 25, 2023 hearing, and is otherwise fully advised in the premises. For the reasons that follow, this Court finds that no condition or combination of conditions will reasonably assure Defendant's appearance at the hearing or the safety of the community, and, therefore, Defendant shall be detained prior to the final hearing and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

## I.      FINDINGS OF FACT

### A.  Underlying Offense

On June 23, 2023, Defendant pled guilty to Count One of the Indictment, which charged him with possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1). *See* ECF Nos. 3, 25. On August 25, 2021, Defendant was sentenced to eighteen months imprisonment followed by three years of supervised release. *See* ECF No. 41.

### B.      Nature And Circumstances Of The Supervision Violation

On April 13, 2023, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision alleging thirteen violations of the conditions of Defendant's supervised release, as set forth in the Petition, including failing to follow the instructions of his Probation Officer regarding housing and employment, failing to participate in anger control/domestic violence programs, and allegedly violating the law by committing the offense of domestic battery by strangulation.

### C.      Weight Of The Evidence

The weight of the evidence against Defendant is substantial. Through its proffer at the detention hearing and testimony of USPO Charee Goldberg, the United States established probable cause to find that Defendant violated the conditions of his supervised release.

### D.      History And Characteristics Of Defendant

Defendant's history and characteristics support detention based on risk of nonappearance and danger to the community.[1] Notably, Defendant has a history of non-compliance with supervision.

---

[1] The undersigned takes judicial notice of the Presentence Investigation Report.

## II.        REASONS FOR DETENTION

Defendant is charged with violating his supervised release, therefore, under Rule 32.1, Defendant bears the burden of establishing by clear and convincing evidence that he will not flee or pose a danger to any other person or the community. In light of the nature and circumstances of Defendant's alleged violations, for which I find probable cause supported by the evidence presented, the weight of the evidence against Defendant, his prior criminal history, and history of non-compliance with Court orders and supervision, the Court finds that Defendant has failed to show by clear and convincing evidence that a condition or set of conditions would reasonably assure Defendant's appearance or the safety of the community if Defendant were to be released on bond. Accordingly, the Court finds that Defendant must be detained pending the final revocation hearing in this matter.

## III.        CONCLUSION

For the reasons stated above, it is hereby

**ORDERED** that Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal, and Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for the purpose of court appearances.

The Court points out that although the instant written Order is entered on this 2nd day of May, the Court announced its decision regarding Defendant's detention on the record at

the detention hearing held April 25, 2023, and, thus, this Order is effective as of April 25, 2023.

      **DONE AND ORDERED** in Chambers in Miami, Florida, this 2<u>nd</u> day of May, 2023.


                                       _____

                                       MELISSA DAMIAN

                                       UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Pretrial Services (Miami)